**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1056

JANINE ALCANTARA,

Plaintiff, Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Ronald B. Eskin on brief for appellant.
Dulce Donovan, Assistant U.S. Attorney, and Robert Clark
Corrente, United States Attorney, on brief for appellee.

December 12, 2007

**Per Curiam**.  After carefully considering the briefs and record on appeal, we <u>remand</u> for further administrative proceedings.

The appellant alleged disability since November 2001, due to depression, anxiety, insomnia, ADHD, diabetes, hypertension and hepatitis C.  She was obese, with an eighth-grade education, involving special education classes.

After a March 2004 hearing, the ALJ found that the appellant had severe mental and severe physical impairments that rendered her incapable of her past work.  Only his findings concerning her mental capacities are relevant here.  The ALJ found that the appellant had moderate limits in social functioning.  She could perform light, unskilled work involving occasional interaction with the public, coworkers and supervisors.  A VE testified that the capacity for light, unskilled work with moderate limits in social functioning would permit substantial employment. The VE doubted, however, that more severe limitation would permit substantial employment.  At step five of the disability process, the ALJ relied upon the finding that the appellant had only moderate limits in social functioning, without other material mental limits, to discharge his burden of showing that she was employable.  20 C.F.R. § 416.920.  That finding was not supported by substantial evidence.

In finding only moderately limited social functioning and excluding other material mental limitations, the ALJ discounted

Treating Psychiatrist Webb's opinion, Therapist Serabian's concordant opinion, and the opinions of consultants DiZio and Killenberg. The ALJ explained that he was relying primarily on the opinion of non-examining, consultant Musiker. The ALJ could not give Musiker's opinion any significant weight. It was the opinion of a reviewing consultant, based on a significantly incomplete record, and it was not well justified. *See* 20 C.F.R. § 416.927(d). Musiker, reviewing upon reconsideration, considered no more than the first third of the record for the period of alleged disability. His opinion was irrelevant to most of the disability period. Although the ALJ stated that the record underwent no material change, he did not explain his analysis. The record repeatedly indicated that the appellant deteriorated with her parents' deaths. The record upon reconsideration was compiled after her mother's death, but before her father's death. Musiker mentioned no specific medical findings to justify his opinion, but he appears to have been unaware of the mother's death and the issue it raised. Moreover, unlike the record before the ALJ, the record reviewed by Musiker contained no reports from therapists or treating psychiatrists for the period of alleged disability. As a non-examining psychologist, Musiker's opinion merited less *prima facie* credibility than treating and examining sources, and less credibility than more expert sources. Absent a medical advisor's

or consultant's assessment of the full record, the ALJ effectively substituted his own judgment for medical opinion.

The ALJ offered other rationales for discounting the opinions that the appellant was more severely mentally limited, but they do not bear the weight placed upon them. The ALJ ignored Therapist Serabian's opinion because she was a licensed social worker, not an acceptable medical source. *See* 20 C.F.R. §§ 416.902, 416.913, 416.927. The ALJ could not simply ignore Serabian's opinion. Although *acceptable medical sources* are the primary sources of evidence about the severity of impairment and its effect on work abilities, they are not the sole permissible sources of such evidence. 20 C.F.R. §§ 416.913(d); 416.929(c)(3). Serabian was a *medical source* capable of providing evidence about the severity and effects of impairment, as well as a general source of evidence. 20 C.F.R. §§ 416.902, 416.912(b), 416.913(d), 416.945(a). The ALJ was required to weigh all of the evidence. 20 C.F.R. §§ 416.920(a)(3), 416.920a (a) & (c); 416.927(c).

The ALJ also discounted the appellant's limitations because she neglected prescribed treatment. His reasoning concerning psychiatric treatment is unclear. The appellant did miss therapy appointments in May or June 2003. Providence Center records stated, however, that she obtained interim treatment at West Bay Psychiatry. Irrespective, the rationale for requiring compliance with medical advice is not to punish minor lapses, but

-4-

to ensure that claimants do what they can to restore capacity. 20 C.F.R. § 416.930(a). Furthermore, non-compliance may be excused for good cause. 20 C.F.R. § 416.930(b) & (c). At the time of the missed appointments, the appellant's therapist and gastroenterologist reported that she was deteriorating with chaotic life circumstances. The ALJ failed to explain his analysis of these issues.

The ALJ also mentioned limited episodes of improvement and favorable indicia of general functioning. A brief reprieve would not render the appellant able-bodied. She was entitled to benefits if any medically-determinable, severe impairment prevented her from working for a continuous period of at least twelve months. 20 C.F.R. § 416.905. She also needed several, specific, mental capacities to work. The ALJ did not explain how assessments of her general level of functioning were relevant to her specific abilities to tolerate stress, supervision, coworkers and others.

We <u>vacate</u> the district court judgment and <u>remand</u> to the district court with direction to <u>remand</u> to the agency for further proceedings consistent with this opinion.

<u>Vacated</u> and <u>remanded</u>.